PROB 12B  
(SD/FL 9/96)

SD/FL PACTS No. 417580

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-CR-20352-002-BLOOM

**Request for Modifying the Conditions or Term of Supervision  
With Consent of the Offender**  
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: Sean Florez

Name of Sentencing Judicial Officer: The Honorable Beth Bloom, United States District Judge, Miami, Florida

Date of Original Sentence: December 19, 2014

Original Offense: Count One: Conspiracy to possess with intent to distribute MDMC, in violation of 21 U.S.C. § 846, a Class C felony

Original Sentence: Forty-six months custody of the U.S. Bureau of Prisons followed by three years supervised release and a $100.00 special assessment. Special conditions include the defendant shall: 1) not apply for, solicit or incur any further debt; 2) submit to a search of his person or property; 3) obtain prior written approval from the Court before entering into any self-employment; and 4) participate in an approved treatment program for drug and/or alcohol abuse.

**July 28, 2017:** Motion for Judicial Recommendation granted and the defendant placed in the Residential Reentry Center (RRC) for the maximum time allowed.

Type of Supervision: Supervised Release    Date Supervision Commenced: April 19, 2019

## PETITIONING THE COURT

☐  To extend the term of supervision for _____ years, for a total term of _____ years.  
☒  To modify the conditions of supervision as follows:

**The defendant shall participate in Moral Reconation Therapy as directed by the probation officer. Such program will include participation in group sessions administered by the probation officer.**

PROB 12B                                                                                              SD/FL PACTS No. 417580
(SD/FL 9/96)

## CAUSE

1. **Violation of Mandatory Condition,** by unlawfully tampering with a mandatory urine specimen. On May 9, 2019, the defendant reported to the U.S. Probation Office and attempted to use an adulteration device to avoid the detection of illegal drug use.

2. **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On May 9, 2019, the defendant admitted to using marijuana on or about April 26, 2019 and signed an Admission of Drug Use Form.

3. **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On May 16, 2019, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and confirmation is pending by Alere Toxicology Services, Incorporated.

4. **Violation of Standard Condition,** by failing to notify the probation office of any change in employment. On or about May 16, 2019, the defendant left employment with La Finesta, 2790 Northwest 104th Court, Miami, Florida, and he failed to notify the probation office ten (10) days prior to any change.

On April 19, 2018, the defendant was released from the custody of the U.S. Bureau of Prisons and commenced his term of supervised release. On March 27, 2019, Your Honor signed a Report on Offender Under Supervision concurring with the recommendation of the probation officer allowing the defendant to participate in substance abuse treatment after he tested positive for marijuana on April 19, 2018. The defendant began participating in outpatient substance abuse treatment at Community Health of South Florida on May 23, 2018 and was discharged after successful completion of outpatient treatment on November 13, 2018.

On May 9, 2019, this officer attempted to conduct an unannounced home visit at the defendant's residence located at 1900 Sans Souci Boulevard, Apartment # 227, North Miami, Florida, however, he was not at home. This officer made telephonic contact with the defendant and instructed him to report in person by May 10, 2019 to submit a urine sample. The defendant was reluctant to report for drug testing and stated leaving work early could jeopardize his employment. He was reinstructed to report in person before close of business on May 10, 2019. The defendant reported as instructed on May 9, 2019. While attempting to void, United States Probation Officer Assistant (USPOA) Guillermo Cruz noticed the defendant fidgeting and moving erratically at the waist. The defendant was questions regarding whether or not he was concealing something, to which he denied. USPOA Cruz instructed the defendant to remove his clothing from the waist down. The defendant complied and a "Whiz-a-nator," an adulteration device, was found. The defendant was verbally reprimanded and the adulteration device was seized as evidence. When queried, the defendant admitted smoking marijuana approximately two weeks ago.

On this same date, the defendant met with United States Probation Officer (USPO) David Stwarka and explained he was employed as a construction worker, suffered from back pain and wanted to obtain a medical marijuana card. The defendant signed an *Admission/Denial Report*

PROB 12B                                                                                                                         SD/FL PACTS No. 417580
(SD/FL 9/96)

admitting marijuana usage and further signed an *Incident Report* confirming he was utilizing adulteration device to tamper with his urine sample. The defendant submitted a urine sample which tested negative for the presence of any illegal substances in our local laboratory.

After leaving the probation office, the defendant contacted this officer and reported he was found in possession of an adulteration device while attempting to void. He advised he purchased the adulteration device prior to reporting to the probation office to submit a urine sample. He stated he believed he would test positive for marijuana and, therefore, attempted to alter his urine sample by using a "Whiz-a-nator." The defendant admitted smoking "3.5 grams" of marijuana approximately two weeks ago and was verbally reprimanded for tampering with his urine sample. He was instructed to refrain from using any controlled substances while on supervision.

On May 14, 2019, this officer contacted the defendant via telephone and instructed him to report in person weekly for scheduled drug testing. He voluntarily signed the attached *Waiver of Hearing to Modify Conditions of Supervised Release* agreeing to participate in the Moral Reconation Therapy Program.

On May 16, 2019, the defendant contacted this officer via text message and stated he was unable to report for scheduled drug testing but would report the following day. This officer advised the defendant that he must report in person on May 16, 2019 for drug testing as previously instructed. The defendant became upset and stated he preferred to "deal with the judge than take the class." The defendant further indicated he took an "at home drug test" which tested negative for marijuana. On this same date, the defendant reported in person and submitted a urine sample which tested positive for the presence of marijuana in our local laboratory. His urine sample was forwarded to Alere Toxicology Services, Incorporated and confirmation remains pending.

On May 17, 2019, the defendant was instructed to submit monthly supervision reports for March and April 2019. The defendant advised he would complete the reports and provide this officer with information regarding his new job. The defendant was reminded of his obligation to notify this officer at least 10 days prior to any changes in his residence and/or employment. He was reinstructed regarding this condition and apologized for his non-compliance.

On May 21, 2019, the defendant provided the information regarding his new employer and was confronted on positive drug test conducted on May 16, 2019. The defendant admitted smoking marijuana on May 9, 2019 but insisted he could discontinue usage on his own. He further admitted smoking marijuana on May 17, 2019 as a coping mechanism due to stress related to his hectic work schedule and personal relationship with his mother and girlfriend. He was instructed to continue reporting in person for scheduled drug testing until otherwise instructed. It is noted that as the defendant admitted smoking marijuana on May 17, 2019, subsequent urine samples may result positive for the next 30 days due to residual excretion. The defendant apologized for his non-compliance and impulsive decision making and voluntarily agreed to participate in the Moral Reconation Therapy Program. He will also be referred to an outpatient treatment program to undergo a substance abuse assessment and participate in treatment. This officer will continue to monitor his drug usage through scheduled testing until June 6, 2019, and random drug testing thereafter.

PROB 12B                                                    SD/FL PACTS No. 417580
(SD/FL 9/96)

**RECOMMENDATION:** Moral Reconation Therapy is an evidenced-based cognitive behavioral treatment program geared for at-risk offenders and designed to reduce recidivism. It is a 12 to 16 step cognitive skills program, where offenders participate in a group setting and focus on thinking errors. It is a systematic, cognitive-behavioral, step-by-step treatment strategy designed to enhance self-image, promote growth of a positive, productive identity, and facilitate the development of higher stages of moral reasoning. The defendant will be required to attend weekly group meetings focusing on these core issues, which will typically be no more than two hours in length.

We are respectfully recommending that the Court modify the conditions of supervision to include participation in the Moral Reconation Therapy Program. The Court will be promptly notified of any further non-compliance.

Respectfully submitted,

by: _Charee M. Goldberg_
Charee M. Goldberg
2019.05.24 09:46:12 -04'00'

Charee Goldberg
United States Probation Officer
Office: (305)259-1322
Cellular: (305)301-9071
Date: May 24, 2019

_Katrina K. Jenkins_
May 24 2019 9:40 AM

---

THE COURT ORDERS:

☐ No Action
☒ The Modification of Conditions as Noted Above
☐ Submit a Request for ☐ Warrant or ☐ Summons

_____
Signature of Judicial Officer

5/29/19
_____
Date